# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,

    *Plaintiff,*

v.

                                 Case No. 24-4076-EFM

DAVID KIGHT,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court are two motions: Plaintiff Ganiyu Ayinla Jaiyeola's Motion for Recusal (Doc. 7), and Defendant David Kight's Motion to Strike Plaintiff's First Amended Complaint and Demand for Jury Trial or Alternatively to Dismiss for Failure to State a Claim (Doc. 8).[1] Plaintiff asserts that because he filed a complaint against the undersigned, recusal is required. Defendant seeks to strike Plaintiff's First Amended Complaint because the substance of Plaintiff's Complaint has been previously addressed in a separate lawsuit in which this Court dismissed the case with prejudice and imposed filing restrictions on Plaintiff. For the following reasons, the Court denies Plaintiff's motion and grants Defendant's motion.

---

[1] Also pending is Defendant's Motion to Strike Complaint (Doc. 5), filed on November 4, 2024. Plaintiff subsequently filed his First Amended Complaint on November 12, 2024. Because Plaintiff's First Amended Complaint supersedes his original Complaint, Defendant's motion to strike the original complaint is moot. *See Saunders ex rel. Saunders v. USD 353 Wellington*, 2020 WL 3452976, *1 (D. Kan. Jun. 24, 2020) ("[T]he filing of an amended complaint renders moot any motion directed at the original complaint.").

### I. Factual and Procedural Background[2]

Plaintiff proceeds pro se. His litigation saga before this Court began on February 19, 2020, when he filed suit against Garmin International, Inc. for alleged discriminatory hiring practices. That lawsuit sputtered to an end on June 24, 2021, when this Court dismissed the suit with prejudice as a sanction for Plaintiff's abusive litigation conduct.[3] On April 26, 2022, the Tenth Circuit affirmed the dismissal.[4] Undeterred—for more than two years—Plaintiff has attempted to resuscitate that lawsuit through a series of requests for relief under Federal Rule of Civil Procedure 60, motions to reconsider, and corresponding appeals. Eventually, this Court imposed filing restrictions upon Plaintiff.[5] And, more recently, the Tenth Circuit imposed its own filing restrictions on Plaintiff.[6]

In this suit, Plaintiff alleges Defendant lied in a declaration produced during the discovery phase of his lawsuit against Garmin. Defendant is in-house counsel for Garmin. Specifically, Plaintiff alleges that Defendant's omission in the declaration constitutes a lie and perjury. He compares two documents produced during discovery in his *Garmin* suit to arrive at this conclusion. The first document states that Defendant directed the interviewer to make an annotation on Plaintiff's interview record. The second is a declaration from Defendant which does not mention that Defendant directed the interviewer to make the annotation.

---

[2] The facts are taken from Plaintiff's Complaint, but the Court makes several references to Plaintiff's previous filings. In considering Plaintiff's previous filings, the Court does not convert this motion to dismiss into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (considering filings in a previous action without recharacterizing a motion to dismiss as a motion for summary judgment).

[3] *Jaiyeola v. Garmin Int'l, Inc.*, 2021 WL 295067, at *5 (D. Kan. Jun. 6, 2021).

[4] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 1218642, at *8 (10th Cir. Apr. 26, 2022).

[5] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 16833253, at *2 (D. Kan. Nov. 9, 2022).

[6] *Jaiyeola v. Garmin Int'l, Inc.*, 2024 WL 4903298, at *2 (10th Cir. Nov. 27, 2024).

Although Garmin produced the interview record during discovery, the specific annotation on the interview record was redacted as protected by attorney-client privilege and attorney work product. In his suit against Garmin, Plaintiff filed a motion to compel seeking an unredacted version. In that motion, he also asserted that the annotation was a change to the interview record which constituted fraud. Accordingly, Plaintiff argued that the crime-fraud exception should overcome the privilege asserted.[7] The Court rejected Plaintiffs argument.[8]

Plaintiff filed this suit on August 6, 2024. He filed his First Amended Complaint on November 12, 2024, and his Motion for Recusal on November 13, 2024. No response was filed. Defendant filed the present motion to strike or dismiss on November 21, 2024. A timely response and reply were filed, and the matters are now ripe for ruling.

## II.    Analysis

Plaintiff proceeds pro se, and the Court must afford him some leniency in his filings.[9] A pro se litigant, however, is still expected to "follow the same rules of procedure that govern other litigants."[10]

First, the Court will address Plaintiff's motion to disqualify the undersigned. He seeks this relief under both 28 U.S.C. § 144 and § 455. Relief is appropriate under § 144 when the moving party submits an affidavit showing bias and prejudice.[11] Under § 455, a judge must recuse himself when a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

---

[7] *Jaiyeola v. Garmin Int'l, Inc.*, 2021 WL 492654, at *5 (D. Kan. Feb. 10, 2021).

[8] *Id.*

[9] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

[10] *Id.*

[11] *Burleson v. Sprint PCS Grp.*, 1230 F. App'x 957, 959 (10th Cir. 2005).

impartiality.[12] A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[13]

Although this is Plaintiff's first attempt at disqualifying the presiding judge in this case, it is nowhere near his first time seeking such relief. In his dismissed lawsuit against Garmin—the origin of the present litigation—Plaintiff filed five separate motions for disqualification against several judges within this District.[14] Each request was denied.[15] In one of his appeal efforts, Plaintiff requested the Tenth Circuit assign a new judge to preside over the case—the Tenth Circuit denied his request.[16]

Plaintiff asserts the basis for the undersigned's disqualification is that Plaintiff filed a judicial misconduct complaint against the undersigned (presumably for enforcing the filing restrictions imposed against him in his lawsuit against Garmin). But "[t]he actions of others do not provide grounds for recusal. Moreover, adverse rulings cannot alone provide grounds for disqualification."[17] Here, Plaintiff's action in filing a complaint against the undersigned evinces nothing more than his dissatisfaction with the Court's rulings. Plaintiff offers no other reason to conclude that the undersigned has any bias against Plaintiff. Accordingly, the Court finds that, given Plaintiff's multiple disqualification requests and prior litigation tactics, a reasonable person would not view Plaintiff's assertion as any reason to harbor doubts or question the undersigned's impartiality in this case.

---

[12] *Id.* at 960.

[13] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996).

[14] *See Jaiyeola v. Garmin Int'l, Inc.*, 2024 WL 2260682, at *2 n.10 (D. Kan. May 14, 2024).

[15] *Id.*

[16] *Jaiyeola v. Garmin Int'l, Inc.*, 2024 WL 1654696, at *3 (10th Cir. Apr. 17, 2024).

[17] *Burleson*, 1230 F. App'x at 960.

Next, the Court will address Defendant's motion to strike. Defendant asserts that Plaintiff has filed the present lawsuit merely to circumvent the filing restrictions imposed upon him in his now-dismissed lawsuit against Garmin. Although this conclusion seems inescapable,[18] motions to strike are generally disfavored.[19] Thus, the Court will not strike Plaintiff's complaint.

Rather, the Court will address Defendant's alternate argument that Plaintiff's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[20] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[21] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[22]

Plaintiff fails to state a cognizable claim for relief. Plaintiff styles his single count as "Defendant Kight Lied in His Declaration to the Court About Dobb's Job Interview Record on Jaiyeloa." To the extent Plaintiff seeks to recover damages from Defendant for allegedly committing perjury, "[n]o civil action for damages lies for false testimony" and "[i]t is well settled that a plaintiff who has lost his case because of perjured testimony cannot sue the perjurer for

---

[18] Indeed, Plaintiff provides that his present "Complaint arose out of a failure-to-hire employment discrimination lawsuit . . . in which [Garmin] failed to hire Jaiyeola." The facts alleged by Plaintiff are merely a condensed version of the facts he alleged in his suit against Garmin, except that he aims his grievance personally at Defendant Kight, Garmin's in-house counsel. Further, Plaintiff includes as statements of fact that "Kight and Dobbs have not been deposed in the Garmin lawsuit" and "Kight and Dobbs have not been cross-examined in the Garmin lawsuit." Clearly, Plaintiff views this lawsuit as an extension of his Garmin suit.

[19] *Pathways Holdings, LLC v. Seibel*, 2024 WL 5187569, at *2 (D. Kan. Dec. 20, 2024).

[20] Fed. R. Civ. P. 12(b)(6).

[21] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[22] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

damages."[23] Here, Plaintiff did not "los[e] his case because of perjured testimony," but the principle still applies. Plaintiff's claim fits neatly into that prohibition: he seeks to recover damages from Defendant based upon the allegation that Defendant perjured himself in Plaintiff's case against Garmin. Because neither Kansas nor federal law recognizes a private cause of action for perjury, Plaintiff has not stated a claim upon which relief may be granted.

Finally, because the filing restrictions imposed on Plaintiff in the *Garmin* suit seem not to have deterred Plaintiff from abusing the Court's process, the Court finds it appropriate to expand the filing restrictions previously imposed on Plaintiff. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[24] The following five factors are relevant when determining whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[25]

All five factors weight in favor of expanding the filing restrictions previously imposed on Plaintiff. Plaintiff's history of vexatious, harassing, and duplicative litigation was discussed at length by Judge Teeter in the *Garmin* suit.[26] And the undersigned addressed all five factors in the

---

[23] *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 626 P.2d 214, 218–19 (1981); *see also Anderson v. Pollard*, 2021 WL 3503418, at *1 n.2 (stating that no cause of action for perjury exists under federal law).

[24] *Sieverding v. Colo. Bar Ass'n*, 469 F. 3d 1340, 1343 (10th Cir. 2006) (alteration omitted) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1998)).

[25] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. June 3, 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

[26] *Jaiyeola v. Garmin Int'l, Inc.*, 2021 WL 2515023, at *9–*12 (D. Kan. Jun 18, 2021).

order imposing filing restrictions on Plaintiff in his *Garmin* suit.[27] The Court finds the reasoning in those orders equally applicable here, and prescient of this suit's very existence. The Court now expands the filing restrictions previously imposed in the *Garmin* suit to any pro se filing Plaintiff makes within this District.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Recusal (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's First Amended Complaint and Demand for Jury Trial or Alternatively to Dismiss for Failure to State a Claim (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Complaint (Doc. 5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the District of Kansas, he must comply with the following injunction:

1. With the exception of an objection to this Order, the Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it.

---

[27] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 15432272, at *2–3 (D. Kan. Oct. 27, 2022) ("Plaintiff has already endured the ultimate sanction—dismissal of his case with prejudice—and yet he proceeded, brazenly undeterred, to file three consecutive frivolous motions following the return of the Tenth Circuit's appeal mandate. In fact, the Court fears that Plaintiff, unburdened of any possible concern that he has anything else to lose in this case, will increase his production of frivolous filings if action is not taken to curb such impulses.").

Failure to follow these procedures will result in summary rejection of the proposed filing. Plaintiff may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order. If Plaintiff files no objections by that date, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED**.

This case is closed.

Dated this 21st day of February, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE