## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GANIYU AYINLA JAIYEOLA,

       *Plaintiff,*

v.                                                          Case No. 24-4076-EFM

DAVID KIGHT,

       *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Ganiyu Ayinla Jaiyeola's Rule 60(b) Motion to Vacate the Order and Judgment (Doc. 17), requesting that the Court reverse two previous orders. The first order denied Plaintiff's motion to disqualify the undersigned, and the second granted Defendant David Kight's motion to dismiss. For the reasons stated herein, the Court denies Plaintiff's motion.

## I.        Factual and Procedural Background[1]

Plaintiff proceeds pro se. Although Plaintiff filed this suit relatively recently, he has been litigating his claims before this Court and the Tenth Circuit since February 2020 when he sued Garmin for failing to hire him. After dismissing Plaintiff's Garmin suit as a sanction for abusive litigation tactics, this Court imposed filing restrictions on Plaintiff, enjoining him from submitting future filings in said case.[2] In the course of that suit, Judge Holly Teeter recused herself. After Judge Teeter recused herself, Plaintiff brought to the undersigned's attention that Judge Teeter owned Garmin stock while presiding over his case and asked the undersigned to void the orders

---

[1] The facts are taken from Plaintiff's Complaint, but the Court makes several references to Plaintiff's previous filings.

[2] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 16833253, at *2 (D. Kan. Nov. 9, 2022).

Judge Teeter had previously issued. The undersigned declined to do so. Plaintiff appealed all of this Court's decisions regarding his Garmin case to the Tenth Circuit. The Tenth Circuit denied Plaintiff relief and imposed filing restrictions upon him.[3]

Plaintiff filed a new suit on August 6, 2024. Here, he alleges that Defendant, Garmin's in-house counsel, lied in a declaration that was produced as part of discovery in Plaintiff's Garmin suit. On November 13, 2024, Plaintiff filed a motion to recuse the undersigned, and on November 21, 2024 Defendant filed a motion to dismiss. On February 21, 2025, this Court issued an order denying Plaintiff's motion to disqualify the undersigned and granting Defendant Kight's motion to dismiss for failure to state a claim. On March 14, 2025, Plaintiff filed the present motion requesting the Court to reverse its orders related to those motions. A timely response and reply were filed. The matters are now ripe for the Court's ruling.

## II.        Legal Standard

Under Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[4] However, a party may not use a Rule 60(b) motion to revisit the same issues already addressed and dismissed by the court or to introduce new arguments or supporting facts that were available when the party briefed the original motion.[5] Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances."[6] Thus, a party seeking relief under Rule 60(b) must overcome a high hurdle because such a motion is not a substitute for an appeal.[7]

---

[3] *Jaiyeola v. Garmin Int'l, Inc.*, 2024 WL 4903298, at *2 (10th Cir. Nov. 27, 2024).

[4] Fed. R. Civ. P. 60(b)(1).

[5] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[6] *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

[7] *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1247 (10th Cir. 2007).

### III.    Analysis

Plaintiff seeks relief under Rule 60(b)(1), arguing that the Court erred in two ways: (1) denying Plaintiff's motion to recuse the undersigned and (2) dismissing Plaintiff's First Amended Complaint. The Court will address each of Plaintiff's arguments in turn.

### A.    Motion to Recuse

First, the Court did not err in denying Plaintiff's motion to recuse the undersigned. Plaintiff sought to disqualify the undersigned because Plaintiff has filed a judicial misconduct complaint against the undersigned. In his initial request for recusal, Plaintiff included no facts or arguments that would lead one to believe the undersigned could not be impartial in this case, except that he had filed a complaint that he characterized as "obstruction of justice." In the present motion, Plaintiff adds some details regarding the nature of his judicial misconduct complaint against the undersigned. He alleges that the undersigned engaged in misconduct by failing to report Judge Teeter to a "senior judge" when Plaintiff notified the undersigned of Judge Teeter's Garmin stock ownership. In his view, the Rules for Judicial Conduct and Judicial-Disability Proceedings "require a Judge to report to a Senior Judge if a litigant informs a Judge of any judicial misconduct by another Judge." He alleges that the undersigned committed an act of misconduct "by not reporting Judge Teeter to a Senior Judge as regards the stock issue."

But Plaintiff misunderstands and misapplies the rule. The rule to which Plaintiff refers states: "Cognizable misconduct includes failing to call to the attention of the relevant chief district judge or chief circuit judge any reliable information reasonably likely to constitute judicial

misconduct or disability."[8] Here, the undersigned *is* the relevant chief district judge. As such, the undersigned has no duty to report Plaintiff's misconduct allegations to himself.

But even so, the nature and details of Plaintiff's misconduct complaint against the undersigned matter little. As cited in the initial order denying Plaintiff this relief, "[t]he actions of others do not provide grounds for recusal."[9] Here, Plaintiff's action of filing a misconduct complaint against the undersigned does not provide a ground for recusal. Moreover, this is not his first time seeking the disqualification of the presiding judge in this district. In his Garmin suit, Plaintiff sought to disqualify the presiding judge on five separate occasions.[10] The Court again concludes that a reasonable person, knowing all the relevant facts, would not harbor doubts about the undersigned's impartiality.[11]

Ultimately, Plaintiff has failed to demonstrate how the Court's denial of Plaintiff's motion to recuse the undersigned was based on mistake, inadvertence, surprise, or excusable neglect. As such, the Court affirms its denial of Plaintiff's motion to recuse.

## B.    Motion to Dismiss

Second, the Court did not err when it dismissed Plaintiff's 2024 suit for failure to state a claim upon which relief may be granted. The Court dismissed Plaintiff's single claim against Defendant Kight because there is no actionable civil claim for perjury. Plaintiff asserts that the Court erred by "crediting the contents of Kight's Affidavit over the allegations in the Complaint." Further, he alleges that the Court erred by "playing the role of trier of fact by concluding that this lawsuit was about perjury."

---

[8] R. Jud. Conduct & Jud. Disability Proc. 4(a)(6) (U.S. Jud. Conf. 2019), https://www.ca10.uscourts.gov/sites/ca10/files/documents/downloads/2019%20JCD%20and%20Tenth%20Circuit%20Rules.pdf.

[9] *Burleson v. Sprint PCS Grp.*, 1230 F. App'x 957, 959 (10th Cir. 2005).

[10] *Jaiyeola v. Garmin Int'l, Inc.*, 2024 WL 2823130, at *1 (D. Kan. May 31, 2024).

[11] *Burleson*, 1230 F. App'x at 960.

In an attempt to distinguish his claim from one of civil perjury he asserts that he "has a 'legally protected interest' to expect" that his job interview record would not be changed and that Defendant Kight would not lie. Plaintiff explains that his claim is actionable because "Kight's lie as regards Dobb's interview record on Jaiyeola denied Jaiyeola a right" and "Jaiyeola is injured by Kight's lie." Clearly, the root of Plaintiff's claim is that he was wronged by Defendant Kight's lie. In other words, he seeks to state a claim for civil perjury. As stated in the order dismissing this claim, even if Plaintiff were to prove that Defendant Kight lied, the law does not recognize a civil cause of action for perjury.[12] Thus, Plaintiff has failed to demonstrate how the Court's grant of Defendant's motion to dismiss was based on mistake, inadvertence, surprise, or excusable neglect. As such, the Court affirms its grant of Defendant's motion to dismiss.

In sum, when reconsidering its decisions to deny Plaintiff's motion to recuse and to grant Defendant's motion to dismiss, the Court finds that no extraordinary or exceptional circumstances warrant relief under Rule 60(b). Consequently, the Court denies Plaintiff's Motion to Vacate.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 60(b) Motion to Vacate the Order and Judgment (Doc. 17) is **DENIED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 18th day of April, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 626 P.2d 214, 218–19 (1981); *see also Anderson v. Pollard*, 2021 WL 3503418, at *1 n.2 (10th Cir. Aug. 10, 2021) (stating that no cause of action for perjury exists under federal law).